Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA MATLOW, an individual, <br><br> Plaintiff, <br><br> v. <br><br> VALNET MEDIA USA, INC., a Delaware corporation, individually and doing business as "ScreenRant.com"; and DOES 1-10, <br><br> Defendants. | Case No.: <br><br> **PLAINTIFF'S COMPLAINT FOR**: <br><br> 1. COPYRIGHT INFRINGEMENT (17 U.S.C. § 101, *et. seq.*); <br><br> 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; AND <br><br> 3. VIOLATION OF THE DIGITAL MILLENIUM COPYRIGHT ACT (17 U.S.C. §1202) <br><br> <u>Jury Trial Demanded</u> |

Plaintiff, Linda Matlow ("Matlow"), by and through her undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Matlow is a renowned professional celebrity and music photographer who has taken award-winning photographs of famous figures such as Paul McCartney, Frank Zappa, Bob Dylan, and Beyonce. Matlow has been active since 1977 and has published thousands of original photographs in widely circulated publications such as magazines, books, CD covers, and TV shows and worked for clients such as Disney, HBO, and Sony Pictures. Matlow is additionally the owner and proprietor of the photo archive Pix International, found at *www.pixintl.com*, which specializes in covering major entertainment, cultural, and news events and including Matlow's original photography.

2. Matlow brings this claim to seek redress for the unauthorized and unlawful publishing and exploitation of her original photography. Defendants Valnet Media USA, Inc. doing business as ScreenRant.com (collectively "Valnet"), unlawfully published and displayed Matlow's original photography online through prominent display in an article on the website www.screenrant.com owned and operated by Valnet. Matlow at no time sought to associate her work with Defendant or any of their affiliates.

3. This unauthorized usage constituted copyright infringement, amongst other things, as set forth below.

## JURISDICTION AND VENUE

4. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

/ / /

/ / /

6. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

7. Matlow is an individual residing in Chicago, Illinois.

8. Matlow is informed and believes and thereon alleges that Valnet is a Delaware corporation which does business as Screenrant.com ("ScreenRant") and is registered to do business in the State of California and does conduct business in and with the State of California.

9. Matlow is informed and believes and thereon alleges that Defendant Valnet is a Delaware Corporation registered to do business in the State of California and does conduct business in the State of California.

10. Defendants DOES 1 through 10, inclusive (collectively with Valnet and ScreenRant, "Defendants"), are other parties not yet identified who have infringed Matlow's copyrights, have contributed to the infringement of Matlow's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Matlow, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

11. Matlow is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full

knowledge of each and every violation of Matlow's rights and the damages to Matlow proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

12. Matlow created and owns all rights in the original photograph of celebrity Macaulay Culkin and his family depicted in **Exhibit A** attached hereto (the "Subject Photograph").

13. Matlow complied in all respects with the Copyright Act, 17 U.S.C. § 101, *et. seq.*, and is the sole owner of the exclusive rights, title, interests, and privileges in and to the Subject Photograph, which Matlow has registered with the United States Copyright Office.

14. Prior to the acts complained of herein, Matlow widely publicly displayed and disseminated the Subject Photograph.

15. Defendants, and each of them, have willfully copied, reproduced, and distributed the Subject Photograph for financial benefit by, without limitation, reproducing the Subject Photograph online for commercial benefit, including without limitation at the website Screenrant.com, which is owned and operated by Valnet, in articles titled "19 Wild Secrets Behind The Culkin Family." True and correct copies and screen captures of Defendants' unauthorized uses are depicted in **Exhibit B** attached hereto ("Infringing Use"). These copies and screen captures represent non-inclusive exemplars of the Infringing Use.

16. A comparison of the Subject Photograph with the corresponding images of the Infringing Use reveals that the elements, composition, colors, arrangement, subject, lighting, angle, and overall appearance of the images are identical or at least substantially similar.

17. Upon information and belief, Matlow alleges that Defendants, and each of them, had access to the Subject Photograph, including through Matlow's photo archive Pix International, Matlow's numerous online profiles and features, online publications and press featuring Matlow's work, Matlow's social media

accounts, and/or through viewing the Subject Photograph on third-party websites (e.g., Tumblr, Pinterest, internet search engines, etc.)

18. Matlow has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Photograph.

19. Matlow did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this complaint.

20. On July 18, 2022, Matlow, through her undersigned attorneys, sent Valnet a demand to cease and desist all infringing uses of Matlow's copyrighted work. Valnet has failed to meaningful respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

21. Matlow repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Upon information and belief, Matlow alleges that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph as it was publicly displayed. Access is additionally evidenced by Subject Photograph's exact reproduction in the Infringing Use.

23. Upon information and belief, Matlow alleges that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph as seen, without limitation, in the screen captures attached hereto as **Exhibit B**.

24. Upon information and belief, Matlow alleges that Defendants, and each of them, infringed Matlow's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

25. Due to Defendants', and each of their, acts of infringement, Matlow has suffered actual, general, and special damages in an amount to be established at trial.

26. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Matlow's rights in the Subject Photograph. As such, Matlow is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph in an amount to be established at trial.

27. Matlow registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

28. Matlow is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

29. Matlow repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

30. Upon information and belief, Matlow alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use on affiliate, third-party, and social media sites; and distributing the Infringing Use to third-parties for further publication.

31. Matlow is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, each Defendant had the ability to oversee the development, publication, and distribution of the infringing imagery at issue. And, Defendants, and each of them, realized profits through their respective obtainment, marketing and distribution of the Infringing Use.

32. By reason of Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Matlow has suffered and will continue to suffer substantial damages to her business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

33. Matlow registered the Subject Photograph with the U.S. Copyright Office before the commission of the infringement at issue and on that basis seeks statutory damages in an amount up to $150,000.00 per photograph per the Copyright Act.

34. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Matlow's rights in the Subject Photograph. As such, Matlow is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of her rights in the Subject Photograph, in an amount to be established at trial.

35. Matlow is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

# THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

36. Matlow repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

37. The Subject Photograph were routinely published with attribution, credit, and other copyright management information identifying Matlow as the author.

38. Upon information and belief, Matlow alleges that Defendants, and each of them, removed Matlow's copyright management information, as described above, from the Subject Photograph, and/or added false copyright management information to the Subject Photograph, attributing it to another artist and/or source.

39. Upon information and belief, Matlow alleges that Defendants, and each of them, distributed and published the Subject Photograph on website(s), including but not limited those sites reflected in **Exhibit B** hereto bearing its own name, and removing Matlow's attribution information, including without limitation her name and/or metadata.

40. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

41. When Defendants distributed and published the Subject Photograph, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a. That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photograph.

b. That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c. That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, 1203, *et seq.*

d. That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

e. That Defendants, and each of them, be enjoined from any further use of the photography at issue and/or the distribution of any production incorporating same.

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 21, 2023        By:   */s/ Scott Alan Burroughs*
                                   Scott Alan Burroughs, Esq.
                                   Trevor W. Barrett, Esq.
                                   Frank R. Trechsel, Esq.
                                   DONIGER / BURROUGHS
                                   *Attorneys for Plaintiff*